IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON EPIGMENIO RAMIREZ., | No. 2:19-CV-0845-DMC |
| Plaintiff, | |
| v. | ORDER |
| DAVID BERNHARDT, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion, ECF No. 48, for reconsideration of the Court's January 22, 2020, order denying appointment of counsel.

Under Federal Rule of Civil Procedure 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment

1

prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Here, the Court finds that Plaintiff's motion is untimely as a motion for reconsideration because it was not filed within one year of the January 22, 2020, order denying counsel. The Court further finds that the Plaintiff's motion was not filed within a reasonable time of the subject order, having been filed two-and-a-half year later. The Court will, however, construe Plaintiff's motion as a renewed motion for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent litigants in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. First, Plaintiff has not outlined any exceptional circumstances. Instead, Plaintiff cites the common circumstances of indigency and lack of legal education. Second, a review of the docket in this case reflects that Plaintiff has been able to articulate himself adequately on his own. In this regard, the Court observes that Plaintiff was able to successfully defend against

Defendant's motion for summary judgment.  Third, as explained in the Court's order resolving Defendant's motion for summary judgment, the sole remaining issue to be tried is neither legally nor factually complex.

        Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion, ECF No. 48, which is construed as a motion for the appointment of counsel, is denied.

Dated: July 25, 2022

                                            DENNIS M. COTA
                                            UNITED STATES MAGISTRATE JUDGE